951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darlene SMITH, on behalf of herself and all others similarly
situated, Plaintiff-Appellee,
v.
C. Patrick BABCOCK, Director of Michigan Department of
Social Services, Defendant-Appellant.
 No. 90-2251.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The district court, responding to plaintiff's request for a preliminary injunction and class certification, rendered summary judgment for plaintiff on the merits of the case, sua sponte, striking down the Michigan Department of Social Services' policy concerning the availability of certain exemptions to families receiving Aid to Families with Dependent Children. Defendant, C. Patrick Babcock, Director of the Michigan agency, challenges the procedure followed below, in view of his not having received either notice that the final declaratory and injunctive relief sought by plaintiff would be considered, or an opportunity to respond. Although he also challenges the merits of the ultimate decision reached by the district court, we do not reach that question.
 
 
 2
 Under the circumstances of this case, the district court was not in a position to consider the merits of the case sua sponte, as on summary judgment, without first affording defendant at least ten days' notice and an opportunity to respond. Yashon v. Gregory, 737 F.2d 547 (6th Cir.1984).
 
 
 3
 The litigation involved the interpretation and understanding of confusing statutory and regulatory provisions as they apply to the administration of a complex scheme of public assistance. The defendant was entitled to assume a meaningful role in assisting the court in resolving ambiguity and confusion. Precisely because defendant was not afforded a full opportunity to participate and to make a record, we are unable to review relevant materials bearing on the resolution of the merits of the case from the federal agency charged with administering the program. As we are left with the abiding conviction that meaningful participation by defendant could very well have affected the outcome, there can be no question that defendant's cause was prejudiced by failure to receive notice and the opportunity to respond.
 
 
 4
 The judgment of the district court is vacated, and this cause is remanded for further proceedings according to law and consistent with this opinion.